IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2015

**STATE OF TENNESSEE v. EDDIE JAMES BRIGHT**

**Appeal from the Criminal Court for Putnam County**
**No. 13-0386      David A. Patterson, Judge**

_____

**No. M2014-01992-CCA-R3-CD – Filed August 31, 2015**

_____

The defendant, Eddie James Bright, pled guilty to initiation of the process to manufacture methamphetamine, a Class B felony, and, following a sentencing hearing, was sentenced to ten years and one day incarceration. On appeal, he argues that the State breached its contractual obligations to him by mentioning his pending charges at the sentencing hearing, contrary to the plea agreement's preclusion of the mention of such charges at sentencing. After review, we reverse the judgment of the trial court and remand for a new sentencing hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded for New Sentencing Hearing**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Michael J. Rocco, Sparta, Tennessee (on appeal); and P. Scott Miller, Cookeville, Tennessee (at hearing), for the appellant, Eddie James Bright.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Bryant C. Dunaway, District Attorney General; and Bret T. Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On May 7, 2014, the defendant was indicted for initiation of the process to manufacture methamphetamine. He pled guilty to the charge on July 24, 2014, with no agreed sentence in return for dismissal of two other charges. At the plea hearing, the prosecutor set out the underlying facts of the case as follows:

Officer Bates with the Monterey Police Department conducted an investigation of [the defendant's] home. He . . . pulled some items out of the trash that was left on the curb. In addition to that, they went to the methamphetamine website where methamphetamine, or pseudoephedrine was purchased. He gathered all that together to get a search warrant.

Then on the . . . 28th day of February they executed that search warrant on the residence in Monterey, at which time they searched that home and found all the items that are traditionally used in the process to manufacture methamphetamine.

The prosecutor then described the details of the defendant's plea agreement:

The agreement the [S]tate has with the defendant is he's pleading guilty today with a sentencing hearing. He has two other charges pending, an evading arrest charge and a theft charge. Those are being nolled as part of this plea. At a sentencing hearing, the [S]tate would not bring up those two charges in any shape, form or fashion. All we're going to introduce is whatever prior history he may have as to how the pre-sentencing report looks.

Defense counsel then added, "[T]here is a charge out of Overton County that has not been resolved by this case. It's my understanding the [S]tate is not going [to] make an issue regardless of that." The prosecutor responded, "That charge has to be resolved in Overton County. We won't be addressing that charge at the sentencing."

At the sentencing hearing, the defendant's mother, Tammy Bell, testified that jail would not be helpful for the defendant and that he, instead, needed to be in a treatment facility of some kind. Thereafter, on cross-examination, the prosecutor questioned Ms. Bell about her knowledge of the defendant's prior convictions. The prosecutor then asked Ms. Bell if she was aware that the defendant had "picked up" new charges while on bond in this case. Defense counsel objected, asserting, "[W]e had an agreement with the [S]tate that they were not going to argue pending charges." The prosecutor responded that he was asking about convictions the defendant received while out on bond, which he "d[id]n't really count that as a pending charge." Defense counsel insisted that the conviction mentioned by the prosecutor was a charge pending at the time of the plea agreement. He elaborated: "[W]e had an agreement not to argue pending charges. I've got a copy of the email from the general." The prosecutor stated that he would strike the question because the charges were contained in the presentence report.

2

In an allocution to the court, the defendant started to discuss "the assault charge," but the court interrupted, "Now you're bringing it up. Do you want it brought [up] or not, [defense counsel]?" The defendant stated, "I don't care. I don't care to bring anything." Defense counsel replied that it was the defendant's decision, and the defendant then began describing a charge for simple assault. The court inquired, "That's not a pending charge is it?" to which the defendant responded that it was not.[1]

During closing arguments, the prosecutor asserted that there were enhancement factors for the court to consider in sentencing the defendant, specifically that the defendant had a record of criminal activity in addition to that necessary to establish the appropriate range and he committed new crimes while on probation. The trial court ultimately imposed a sentence of ten years and one day in the Tennessee Department of Correction.

## ANALYSIS

The defendant argues that the State breached its contractual obligations to him by mentioning his pending charges at the sentencing hearing. He asserts that, because of the violation, he is entitled to choose whether to withdraw his guilty plea or "require specific performance in the form of a new sentencing hearing before a new trial judge conducted per the terms of the agreement." The State responds that this court should dismiss the appeal because it lacks jurisdiction under Tennessee Rule of Appellate Procedure 3(b).

Tennessee Rule of Appellate Procedure 3(b) provides that a criminal defendant has an appeal as of right in the following circumstances:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment

---

[1] From the presentence report, it appears that the charge in Overton County that was pending at the time of the defendant's plea was for theft in an amount up to $500.

pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

We are not convinced that the defendant's allegations clearly fall outside the purview of a Rule 3 appeal, as the over-arching issue behind the defendant's claim is arguably "seek[ing] review of the sentence and there was no plea agreement concerning the sentence."

Plea agreements are an important part of the judicial process and an important tool in the effective disposition of criminal dockets. Santobello v. New York, 404 U.S. 257, 264 (1971) (J. Douglas, concurring). In explaining the plea bargaining process, the Supreme Court has stated:

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

Id. at 262.

"Where an agreement is accepted and breached, one of two results ordinarily follows, depending on the circumstances: (1) either specific performance of the agreement is directed, or, (2) the parties are restored to the status existing immediately before the plea was entered." Metheny v. State, 589 S.W.2d 943, 945 (Tenn. Crim. App. 1979).

A panel of this court recently addressed a similar scenario in State v. Jared Booth Spang, No. M2014-00468-CCA-R3-CD, 2015 WL 510921 (Tenn. Crim. App. Feb. 6, 2015). In Jared Booth Spang, the defendant pled guilty pursuant to a plea agreement in which the State agreed that it would not take a position at the sentencing hearing as to whether the defendant's sentence should be deferred pursuant to Tennessee Code Annotated section 40-35-313. Id. at *1-2. However, at the sentencing hearing, the State argued against deferral, and the trial court ultimately denied it. Id. at *1-3. The panel concluded that the State breached the plea agreement and, therefore, reversed and remanded for a new sentencing hearing in which the State would take no position regarding deferral. Id. at *3. See also State v. John Garrison, No. 03C01-9305-CR-

4

00169, 1995 WL 9388, at *3-4 (Tenn. Crim. App. Jan. 10, 1995) (concluding that State breached the terms of the plea agreement and remanding for new sentencing hearing for the trial court to properly consider whether to place the defendant on probation).

Here, the record shows that the State violated the terms of the plea agreement by bringing up a charge at sentencing that was pending at the time the plea was entered and accepted. We conclude, as did the panels in Jared Booth Spang and John Garrison, that the appropriate remedy in this case is specific performance of the plea agreement, i.e., a new sentencing hearing, conducted by another judge, in which there is no mention of any of the charges that were pending at the time the defendant entered his plea.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the judgment of the trial court and remand for a new sentencing hearing.

_____
ALAN E. GLENN, JUDGE